Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PINTEREST, INC., a Delaware Corporation; MONICKA LEE, an individual; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. DIRECT COPYRIGHT INFRINGEMENT<br>2. FRAUDULENT MISREPRESENTATION UNDER 17 U.S.C. § 512(f)<br>3. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Alexander Stross, through counsel, hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4.     Plaintiff Alexander Stross is a professional photographer residing in Texas.

5.     Upon information and belief, Defendant Monicka Lee is an Ohio resident with an address located at 4533 Stephen Cir NW, Apt 315, Canton, OH 44718. Lee submitted a counter notice to Defendant Pinterest, Inc. in connection with Pin #6073526699724676989, forcing Stross to initiate this litigation to keep that content down. By submitting that counter notice, Lee has consented to jurisdiction in any judicial district in which Pinterest may be found, which includes this judicial district, and has further consented to accept service of process from Stross in connection with this action.

6.     Upon information and belief, Defendant Pinterest, Inc. is a Delaware corporation with principal places of business located at 651 Brannan St., San Francisco, CA 94107; and/or 12655 W Jefferson Blvd, Los Angeles, CA 90066. Pinterest owns, operates, and/or controls the commercial website pinterest.com, its associated content delivery network and image hosting service pinimg.com, and their related/affiliated subdomains, mobile websites, and applications (collectively, "Pinterest's Platform").

7.     Upon information and belief, Plaintiff alleges that Defendants DOES 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

8.     Upon information and belief, Plaintiff alleges that, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged,

with full knowledge of all the facts and circumstances of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### PINTEREST'S PLATFORM AND NOMINAL PROCESS FOR REMOVING COPYRIGHT-INFRINGING CONTENT

9. Pinterest's Platform is a hugely successful online multimedia sharing and social media website.

10. Users of Pinterest's Platform who upload content agree to the Pinterest Platform Terms of Service, including agreeing not to upload anything that infringes anyone else's intellectual property rights. Pinterest maintains the right and ability to remove IP-infringing content.

11. Pinterest registered itself with the Copyright Office as a service provider under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, in connection with its Platform. As a service provider, Pinterest is required to register and maintain a designated agent with the Copyright Office. As long as Pinterest complies with the DMCA's notice-and-takedown requirements for user-generated content on its Platform, the DMCA grants Pinterest a "safe harbor" from liability for copyright infringing user-generated content. However, if Pinterest does not comply, it loses its "safe harbor" protection, and a copyright holder can pursue a claim for contributory copyright infringement against it.

12. If a copyright holder believes that content on Pinterest's Platform infringes their copyright(s) in their protected work(s), the copyright holder can, *inter alia*, contact Pinterest via email at copyright@pinterest.com. If a copyright holder does so to submit a claim of copyright infringement, Pinterest asks for (1) contact information (of the copyright holder or authorized representative); (2) a representative list of the copyrighted work(s) allegedly infringed; (3) pin numbers and/or web addresses ("URLs") of the allegedly infringing content; (4) a declaration; and (5) a signature (collectively, a "Takedown Notice"). These elements are essentially the elements of an effective Takedown Notice under the DMCA.

13.　　Upon receipt of a DMCA-compliant Takedown Notice, Pinterest is required to act expeditiously to remove, or disable access to, the complained-of content. If it fails to do so, its "safe harbor" protection under the DMCA falls away with respect to the infringing content identified in the Notice.

14.　　Pinterest also reserves the right to suspend or terminate a user's access to all or part of Pinterest's Platform.

## **PINTEREST FAILS TO EXPEDITIOUSLY REMOVE INFRINGING USES OF THE SUBJECT WORKS BY USERS OF PINTEREST'S PLATFORM**

15.　　Stross is a professional photographer who took and owns the copyrights in 203 original photographs registered with the Copyright Office under VA0001932505, VAu000989644, VAu001088759, VAu001089810, VAu001101569, VAu001103498, VAu001126950, VAu001129745, VAu001141050, VAu001219537 (collectively, the "Subject Works"). Copies of the Subject Works are set forth in **Exhibit 1**.

16.　　Users of Pinterest's Platform uploaded, displayed, reproduced, distributed, created derivative works of, and/or otherwise exploited copies of the Subject Works on and to Pinterest's Platform without Stross' permission (collectively, the "Infringing Uses"). Representative examples of the Infringing Uses are set forth in **Exhibit 1**.

17.　　Defendant Lee uploaded, displayed, reproduced, distributed, created derivative works of, and/or otherwise exploited copies of the below-depicted Subject Work in Pin #607352699724676989 on Pinterest's Platform without Stross' permission:




18. On July 11, 2025, Stross sent a Takedown Notice to Pinterest via email at copyright@pinterest.com demanding the removal of the Infringing Uses on Pinterest's Platform. The Notice contained the information required for an effective Takedown Notice under the DMCA.

19. That same day, Pinterest confirmed that it had received, and would review, Stross' Takedown Notice.

20. As of at least November 13, 2025, Pinterest had failed to remove the Infringing Uses.

21. On November 13, 2025, Stross' counsel sent a second Takedown Notice to Pinterest. The second Notice contained all information required for an effective Takedown Notice under the DMCA, and attached Stross' first Takedown Notice as an exhibit.

22. That same day and again on November 14, 2025, Pinterest confirmed that it had received, and would review, the November 13 Takedown Notice.

23. Upon information and belief, Pinterest failed to remove any Infringing Uses until November 19-20, 2025.

24. As of at least December 2, 2025, Pinterest had failed to remove approximately 57 Infringing Uses, representative examples of which are highlighted in yellow in **Exhibit 1**.

25. On November 20, Stross' counsel of record received a notification from Pinterest that Defendant Lee submitted a counter notice claiming, under penalty of perjury, that the unauthorized copy of Stross' Subject Work displayed in connection with Pin #6073526997246769891 was erroneously removed. Pinterest notified Stross' counsel that it would reinstate that content within 10-14 business days unless before that time Stross provides proof that he has filed an action in court to keep the content down.

26. Defendant Lee represented that she submitted her counter notice to complain to Pinterest that it had disabled her ability to pin, not because she believes the material in

question was removed in error. Despite this knowing misrepresentation, Defendant Lee refused to withdraw her counter notice.

### FIRST CLAIM FOR RELIEF

**(For Direct Copyright Infringement – Against Defendant Lee)**

27. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

28. Defendant Lee had access to Stross' Subject Work, including through other pins on Pinterest's Platform displaying the same, and/or because the unauthorized copy of Stross' Subject Work displayed in connection with Pin #607352699724676989 is an essentially verbatim copy of, and thus strikingly similar to, Stross' Subject Work.

29. Defendant Lee uploaded, displayed, reproduced, distributed, created derivative works of, and/or otherwise exploited Stross' Subject Work on Pinterest's Platform without Stross' permission.

30. Due to Defendant Lee's acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

31. Due to Defendant Lee's acts of copyright infringement, Defendant Lee has obtained profits she would not have realized but for her infringement of Stross' Subject Work. As such, Plaintiff is entitled to disgorgement of Defendant Lee's profits attributable to her infringement in an amount to be established at trial.

32. Upon information and belief, Defendant Lee committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful.

### SECOND CLAIM FOR RELIEF

**(For Fraudulent Misrepresentation, 17 U.S.C. § 512(f) – Against Defendant Lee)**

33. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

34. Defendant Lee violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting in a counter notice, submitted under penalty of perjury, that the

unauthorized copy of Stross' Subject Work displayed in connection with Pin #607352699724676989 removed in error, and then refusing to withdraw it.

35. Due to Defendant Lee's knowing material misrepresentation under 17 U.S.C. § 512(f), Plaintiff has suffered damages in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF

**(For Contributory Copyright Infringement – Against Pinterest)**

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37. Pinterest has the right and ability to supervise its Platform and the content posted thereon, including removing copyright-infringing content. Pinterest also has the right and ability to oversee the uses of the Infringing Uses on its Platform. Accordingly, Pinterest is in the best position to remove and prevent copyright-infringing content from its Platform.

38. Since at least as early as July 2025, Pinterest had actual knowledge, and/or became aware of the facts or circumstances, of the Infringing Uses (i.e., specific infringing material on its Platform). The information provided in the July and November 2025 Takedown Notices that Pinterest received contained the types of information called for under the DMCA. Moreover, that Takedown Notices presented and formatted that information based on the relationship between the means for finding the Infringing Uses (i.e., screenshots, pin numbers, and URLs) and the Infringing Uses themselves.

39. Pinterest has the tools, resources, staff, technological capabilities, and knowledge of/about photographs on its Platform (including the Infringing Uses) to locate and remove the Infringing Uses, and thereby prevent further infringement of Stross' copyrights in the Subject Works. Indeed, doing so requires only simple measures from Pinterest. Yet Pinterest failed to act to expeditiously remove, or disable access to, the Infringing Uses. Instead, despite its actual knowledge and awareness of the Infringing Uses, Pinterest continued to materially contribute to further use of the Infringing Uses by (1) failing to act; and (2), *inter alia* and upon information and belief, continuing to

provide access to the Infringing Uses by allowing users to (a) select the Infringing Uses for upload, download, transmission, and/or distribution, as well as initiate and instigate the display of those Uses on Pinterest's Platform; and (b) store, cache, and/or distribute multiple copies of the Infringing Uses on Pinterest's Platform.

40. The combination of Pinterest's knowledge and awareness of the Infringing Uses, and its failure to act to expeditiously remove or disable access to the Infringing Uses after obtaining that knowledge and awareness, removes any potential safe harbor protection afforded to Pinterest under the DMCA, 17 U.S.C. § 512.

41. Due to Pinterest's acts of contributory copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

42. Due to Pinterest's acts of contributory copyright infringement, Pinterest has obtained profits it would not have realized but for its contributory infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of Pinterest's profits attributable to its contributory infringement in an amount to be established at trial.

43. Upon information and belief, Pinterest has committed acts of contributory copyright infringement with actual knowledge of, or in reckless disregard for, Plaintiff's copyrights in the Subject Works, which renders those acts willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from using in any way the Subject Works without Plaintiff's permission or pursuant to an independent legal right (e.g., fair use);

b. That Plaintiff be awarded his losses, plus Defendants' disgorgeable profits, attributable to the infringement, the exact sum to be proven at the time of trial; or alternatively, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded his reasonable attorneys' fees expended in connection with this action under 17 U.S.C. §§ 505, 512;

    d. That Plaintiff be awarded his recoverable costs incurred in this action;

    e. That Plaintiff be awarded pre-judgment interest as allowed; and,

    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DONIGER/BURROUGHS

Dated: December 3, 2025    By:  /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*